## JAS. C. PATTON *v.* COMMONWEALTH.

**Receiving Stolen Goods—When Offense Complete.**

The offense of receiving stolen goods is complete when the accused, with unlawful intent, receives from the thief goods which accused knows were stolen, and the asportation of the goods by the person so receiving them, does not constitute an element of the offense.

**Receiving Stolen Goods—Instruction.**

In a prosecution for receiving stolen goods, an instruction that although the jury might believe that the goods were received in M. county, if accused voluntarily brought them into H. county, accused may be tried in the latter county, was held to be erroneous.

### APPEAL FROM HARRISON CIRCUIT COURT.

December 17, 1873.

OPINION BY JUDGE LINDSAY:

Legislation has made the reception of stolen goods a substantive offense in Kentucky. The receiver is treated as he was under the common law, and earlier English statutes, as a compromiser of felony, or the accessory after the fact to the theft.

So even as a person receives, with unlawful intent, from a thief, goods that he knows to have been stolen, the offense is complete. The asportation by him of the stolen goods does not enter into the offense as an element; and as it is not necessary to prove that, either before or after the unlawful reception, he had normal manual control of them, or actually did assume such control, or in any way changed their location, neither will the proof of such facts authorize a conviction upon the idea that a removal of the stolen goods is a continuation or renewal of the offense of receiving stolen goods.

Whether a removal of such goods renders the receiver liable to conviction as a party to the larceny, we need not decide, as that question does not arise under the indictment in this case.

It results, therefore, that the court erred in instructing the jury, that, although they might believe that the stolen goods were received in Menefee county, voluntarily bringing them within Harrison county rendered the accused liable to be tried and convicted in that county.

Judgment reversed, and cause remanded for a new trial conformable to this opinion.

*McCleary, West, for appellant.*

*McClinlock, for appellee.*